**In re The CHARTER COMPANY, et al., Debtor.**

**Bankruptcy Nos. 84–289–BK–J–GP to 84–332–BK–J–GP.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 4, 1984.

**ORDER DENYING MOTION TO REMOVE UNITED STATES TRUST COMPANY OF NEW YORK, THE BANK OF NEW YORK, AND IRVING TRUST COMPANY AS INDENTURE TRUSTEES FROM THE COMMITTEE OF UNSECURED CREDITORS**

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter has come before the Court on the motion of First Investors Management Company, Inc., Citibank, N.A., and Merrill Lynch Asset Management, all members of the unsecured creditors' committee for The Charter Company and all of the subsidiaries which have filed under Chapter 11, for removal from the committee of United States Trust Company of New York, the Bank of New York, and Irving Trust Company as indenture trustees, respectively, for three series of debentures issued by The Charter Company. The members which the movants seek to have removed were appointed to the committee by order of this Court on April 20, 1984. Following a series of motions and hearing, the Court constituted a total of four unsecured creditors' committees for The Charter Companies. An issue raised by motion and argued at the hearing was the appropriateness of the appointment of a separate committee of holders of subordinated public debt, i.e. of those in the positions UST, BNY, and Irving. The Court determined not to appoint such a committee. By order of July 13, 1984, the three indenture trustees were reappointed to a reconstituted committee. For purposes of this discussion, the committee on which the indenture

trustees served and continue to serve, the only committee mandated by 11 U.S.C. § 1102, will be referred to as "the committee." None of the other committees constituted by the Court plays any part in this discussion.

In having appointed the indenture trustees, the Court has expressed its determination that, as a policy matter, they are appropriate committee members. In order to bring about their removal, the movants are under a burden to show some compelling reason why, as a matter of law, they are unable to serve. For reasons discussed below, we find that the movants have not carried that burden.

Under § 101(22) of the Bankruptcy Code, "indenture" means mortgage, deed of trust, or indenture, under which there is outstanding a security, other than a voting-trust certificate, constituting a claim against the debtor, a claim secured by a lien on any of the debtor's property, or an equity security of the debtor;

Subsection (23) defines an indenture trustee as a trustee under an indenture. The securities of which the respondents are trustees are in each instance a series of debentures issued by The Charter Company. The powers and scope of responsibility of an indenture trustee are regulated by the Trust Indenture Act of 1939 (15 U.S.C. § 77aaa et seq.), the Chandler Act, and by the terms of the indenture itself.

The movants raise, essentially, three bases for removal of the indenture trustees. First, they argue that the indenture trustees occupy a dual fiduciary capacity with an unavoidable inherent conflict of interest in that the debt represented by the debentures is junior to certain debt represented by other committee members. Second, they argue that the indenture trustees are not qualified to serve as committee members under the terms of 11 U.S.C. § 1102 in that they are not creditors as defined by the Code, and, third, that they are prohibited from so serving by the terms of the indentures.

We note at the outset that no provision of the Bankruptcy Code, the Trust Inden-

ture Act, or the Chandler Act, or any judicial interpretation of any of them, says explicitly that an indenture trustee may, or may not, serve as voting member of an unsecured creditors' committee. Cases decided prior to the Trust Indenture Act of 1939 are inapposite because of the deep policy changes embodied by that Act.

There is precedent for service by indenture trustees as voting members of unsecured creditors' committees in Chapter 11 cases, but it has been represented to the Court that in no other instance has any challenge been mounted to such service. Thus this is a matter of first impression.

With respect to the first argument, i.e. what the movants characterize as the inherent conflict of dual fiduciary duty, we find that the standard they seek to apply is beyond anything contemplated by Congress and, if applied, would be destructive to the creditors' committee system. A conflict of interests on the part of a committee member which is otherwise a fiduciary would potentially prejudice either the beneficiary of the fiduciary relationship or the other members of the committee. The Trust Indenture Act, at 15 U.S.C. § 77jjj, sets forth nine specific grounds which constitute conflicts of interest; service on a committee of unsecured creditors is not included. Even if the list is not intended as exhaustive, our research does not indicate that a Court or administrative body has ever determined that service on a committee of unsecured creditors is a prohibited conflict.

With respect to the possibility of prejudice to the other members of the committee, we do not see how the indenture trustees' acting on its fiduciary responsibility to act in the interests of the debenture holders is any more likely to be disruptive than individual debenture holders acting in what they perceive as their own interests. In the event that an actual conflict does arise (we have before us movants' assertions, but no evidence, that there is represented on the committee debt to which the respective indentures require subordina-

tion) it can then be brought to the Court's attention.

The movants make a strong argument that an indenture trustee is not a creditor within the Bankruptcy Code and thus is not eligible to serve. The Code defines a creditor in pertinent part as an entity having a claim against the debtor at or before the entry of the order for relief. 11 U.S.C. § 101(9)(A). The terms of the indentures specifically empower the indenture trustees to file claims in bankruptcy on behalf of the beneficial owner (and to recover judgment against the obligor in event of default). Thus each of the indenture trustees has a claim within the meaning of 11 U.S.C. § 101(4). An "entity" includes "person, estate, trust, or governmental unit." 11 U.S.C. § 101(14). The indenture trustee administers, and is empowered to act on behalf of, a trust. Thus the statutory requisites for creditor status have been met by the indenture trustees. We find support for our conclusion in *In re Altair Airlines, Inc., Appeal of Airline Pilots Association International*, 727 F.2d 88 (3d Cir.1984), in which the Court of Appeals determined that a labor union was a creditor for wages of individual members, even though its right to collect those wages was arguably limited to serving as a conduit from the debtor to the individual members. The court found that the union, as a bona fide representative of the members, with a claim, and that as such it could not be barred from sitting on a creditors' committee. As we will discuss further *infra* with respect to the movants' third argument, each indenture explicitly places outside the scope of the powers vested in the indenture trustee voting on or consenting to a plan of reorganization or of making investment decisions on behalf of the debenture holders. Those restrictions, and some negative implications drawn from the Bankruptcy Code, are the only potentially viable arguments for non-creditor status. Having found that the basic statutory definition of creditor should include the indenture trustees, we will explore whether some other language in effect removes them from the category.

While it is certain that one who is not a creditor may not vote on a plan, it does not necessarily follow that one who may not vote on a plan is not a creditor; we find no statutory or judicial support for such a proposition. The terms of the indentures themselves, rather than any provision of the Bankruptcy Code, prevent the indenture trustees from voting; indeed it appears that the drafters of the indentures believed that an indenture trustee would be entitled to vote (and necessarily a creditor) unless prohibited from doing so by the terms of the indenture.

There are, within the Code, three sections, i.e. §§ 343, 501 and 1109, in which indenture trustees and creditors are separately listed within the same sentence. The movants argue that, had the drafters of the Code intended indenture trustees to be a sub-category of creditors, they would not be separately mentioned. We deem that argument to be plausible but not conclusive. Indenture trustees meet the definitional criteria for creditor status; this Court will not deem them to be excluded from that status without explicit statutory language or other persuasive authority. The movants suggest that the solution to the conundrum created by 1) their position that an indenture trustee is not a creditor under the Code, and 2) the desirability, acknowledged by the movants, of the indenture trustees having access to the information available to committee members alone is to appoint the indenture trustees as ex officio members who may participate in all respects except voting.

While the movants concede that an agent may serve on an unsecured creditors' committee (transcript of hearing of August 17, 1984, p. 54) they argue that the scope of the indenture trustees' agency is too restricted to permit their service as voting members of the committee. The Trust Indenture Act gives indenture trustees broad, if regulated powers. The only actual disabilities known to the Court are found in the individual indenture instruments forbidding the indenture trustees from voting on a proposed plan and participating in invest-

ment decisions for the debenture holders. If and to the extent that these limitations prevent certain behavior by the indenture trustees, they do so as a matter of agreement between the parties. It is not in the province of the Bankruptcy Court to see to the enforcement of the terms of the indenture. The indenture trustees have expressed the desire to serve as voting members; implicitly their interpretations of their respective indentures are that they would not be precluded from meaningful service. If their interpretations or actions while on the committee are deemed to exceed the scope of agency set forth in their respective indentures, then persons with standing to enforce the restrictions may seek to do so. It appears to the Court that any such potential limitation is strictly between the trustees and any party who may enforce the restriction. Nothing in any such private agreement forms a basis for exclusion of the indenture trustees from the committee.

For the reasons set forth above, it is,

ORDERED that the motion to remove the United States Trust Company of New York, the Bank of New York, and the Irving Trust Company as indenture trustees is denied.